

**LIPSIUS –BENHAIM**
**LAW, LLP**

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 888.442.0284
www.lipsiuslaw.com

DAVID BENHAIM
Direct Line: 212.981.8446
Email: dbenhaim@lipsiuslaw.com

May 28, 2014

**VIA ECF**
The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Half Brothers LLC v. Joel Wertzberger and Aron J. Wolcowitz
      a/k/a Jack Wolcowitz
      14-cv-01479-RRM-RML
      Our File No.: 5142.0001

Dear Judge Mauskopf:

  We represent Joel Wertzberger and Aron J. Wolcowitz, defendants in the above referenced action. Pursuant to Your Honor's Individual Rules and minute order dated April 28, 2014, we write this letter requesting a pre-motion conference as a prelude to defendants' motion to dismiss the amended complaint.

  On May 8, 2014, plaintiff filed an amended complaint against Wertzberger and Wolcowitz seeking to pierce the corporate veil of Axcessa, LLC, against whom plaintiff holds a judgment. The amended complaint, however, fails to redress the deficiencies of the original complaint as the amended complaint fails to properly plead subject matter jurisdiction or state a cause of action for piercing the corporate veil.

  With respect to subject matter jurisdiction, plaintiff is proceeding under 28 U.S.C. § 1332, diversity. Yet the amended complaint fails to identify <u>all</u> of the members of the LLC and their residences but instead alleges the residences of the managing members of the LLC only. The complaint fails to state a cause of action because while plaintiff alleges that Axcessa, LLC used funds to pay for the personal expenses of the defendants, the complaint fails to allege that that Axcessa was established for the purpose of avoiding defendants' liabilities or that Axcessa was a "sham" business. In fact, the total amount of "personal expenditures" spent by Axcessa does not even amount to a small fraction of the debt.

  For the purpose of diversity jurisdiction an LLC has the citizenship of <u>each</u> of its members. See, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990), *Handelsman v. Bedford Village Assocs. Ltd. Pshp.*, 213 F.3d 48, 51 (2nd Cir. 2000)

LIPSIUS-BENHAIM LAW, LLP

The Honorable Roslynn R. Mauskopf
United States District Court
Page 2
May 28, 2014

(citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Catskill Litig. Trust v. Park Place Entm't Corp.*, 169 Fed. Appx. 658, 659 (2nd Cir. 2006).

Further, it is well-accepted that the burden of alleging citizenship in the complaint lies with the plaintiff. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (U.S. 2006).

Plaintiff, aware that the original complaint was challenged for the same reason, filed an amended complaint which fails to allege the citizenship of all of its members and as such, fails to allege subject matter jurisdiction.

Even had subject matter jurisdiction been met, the complaint fails to state a cause of action. Half-Brothers, LLC seeks to enforce a judgment held against Axcessa, LLC against defendants, on the theory that the defendants are the alter ego of Axcessa, LLC, and therefore, the court should "pierce the corporate veil."

In New York, "[t]he concept of piercing the corporate veil is a limitation on the accepted principle that a corporation exists independently of its owners, as a separate legal entity." *Morris v. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 140 (N.Y. 1993). The court may pierce the corporate veil only where the plaintiff can prove "that: (1) the [defendant] owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Id. at 141*. To prevail on a claim veil-piercing claim, the plaintiff must prove both prongs of this test. *See id*. Therefore, even if a plaintiff can prove that the third party indeed exercised complete domination over the debtor corporation, "[t]he party seeking to pierce the corporate veil must [also] establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene." *Id. at 142*.

This is a "heavy burden." *TNS Holdings, Inc. v. MKI Sees. Corp.*, 92 N.Y.2d 335, 339, 703 N.E.2d 749, 680 N.Y.S.2d 891 (1998). Where the defendant has a "legitimate business purpose" itself, the court should not disregard the corporate structure. *See id. at 339-40* ("An inference of abuse does not arise from this record where a corporation was formed for legal purposes or is engaged in legitimate business."); *Morris*, 82 N.Y.2d at 144-45 (concluding that it would not pierce the defendant's corporate veil on tax fraud allegations where defendant had a legitimate business purpose and was not a "sham" corporation). Rather, the defendant must have "perverted the privilege of doing business in a corporate form," such as "misus[ing] the corporate form for its personal ends so as to commit a fraud or wrongdoing or avoid any of its obligations." *TNS Holdings*, 92 N.Y.S.2d at 340 (internal punctuation and citations omitted). Further, the alleged wrongdoing must have "resulted in the plaintiff's injury," *Morris*, 82 N.Y.2d at 141, such as the siphoning of assets from the defendant to another corporation for the purpose of avoiding liability to the plaintiff. See *Peery v. United Capital Corp.*, 84 A.D.3d 1201, 924 N.Y.S.2d 470, 473 (2d Dep't 2011). Where the challenged complaint lacks "this causative element—i.e., the

LIPSIUS-BENHAIM LAW, LLP

The Honorable Roslynn R. Mauskopf
United States District Court
Page 3
May 28, 2014

use of domination to cause the injury...[it should] result[] in the dismissal of the corporate veil-piercing allegation." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 513 (S.D.N.Y. May 19, 2005); see also *White v. Nat'l Home Prot., Inc.*, No. 09 Civ. 4070 (SHS), 2010 U.S. Dist. LEXIS 40414, 2010 WL 1706195, at *5 (S.D.N.Y. Apr. 21, 2010) (dismissing complaint where the "plaintiff makes no such allegation [of causation], contending solely that the corporation—as a corporation—perpetrated a fraud. Such allegations do not warrant veil piercing.").

This Court's decision in *CSX Transp., Inc. v. Filco Carting Corp.*, 2011 U.S. Dist. LEXIS 74625, 9-10 (E.D.N.Y. July 7, 2011) is particularly instructive. In *CSX*, this Court dismissed the complaint seeking to pierce the corporate veil and held that the failure to allege that the judgment debtor lacked a legitimate business purpose doomed the complaint. The same is true here. The *CSX* Court further held that the complaint must allege that the use of the corporate body for personal ends was designed to wrongfully liability. Here, the Amended Complaint alleges no facts to link Axcessa's refusal to pay the judgment against it to defendants' conduct. Finally, the *CSX* Court ruled that the action must be dismissed because, the Amended Complaint failed to allege any facts that suggest that the alleged corporate misconduct harmed the judgment creditor. The same is true here. Half-Brothers, LLC failed to allege that the personal expenditures harmed Half-Brothers, LLC. In fact, all of the listed "personal" expenditures combined (most of which pre-dates the judgment) do not add up to even a small fraction of the debt owed. Since Half-Brothers, LLC fails to allege that the actions harmed the judgment creditor, the amended complaint fails.

We thank the Court for its continued consideration of this matter.

Respectfully yours,

LIPSIUS-BENHAIM LAW, LLP

David BenHaim