LAW OFFICES OF STEPHEN R. STERN, P.C.
Local Counsel for Plaintiff
445 Broad Hollow Road, Suite 124
Melville, New York 11747
631-393-2600

MICHAEL SCHIFFRIN, ESQ.
THE SCHIFFRIN LAW FIRM, PLLC
Lead Counsel for Plaintiff
Suite 208 - Dadeland Office Park
9200 South Dadeland Boulevard
Miami, Florida 33131
305-539-0000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HALF BROTHERS LLC

    Plaintiff,

v.

JOEL WERTZBERGER, and
ARON J. WOLCOWITZ, a/k/a JACK WOLCOWITZ

    Defendants.

Docket No.  14-cv-1479 (RRM)(RER)

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

---

## SECOND AMENDED COMPLAINT

Plaintiff, HALF BROTHERS LLC., a Washington Limited Liability Company ("Plaintiff"), by and through its undersigned counsel, hereby complains of defendants, JOEL WERTZBERGER and ARON J. WOLCOWITZ (collectively, "Defendants") as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

1.  This case concerns the non-payment of commissions of $500,000 earned by the Plaintiff's assignor, Opulen Ventures, Inc. ("Opulen"), pursuant to an agreement entered into by Opulen and Axcessa, LLC ("Axcessa") on January 4, 2012.

2.  Pursuant to the agreement, Axcessa was required to pay Opulen commissions in the amount of $500,000 by February 5, 2012.

3.  Axcessa failed and refused to pay the amount due to Opulen, and Opulen commenced an action in the Eastern District of New York against Axcessa, 12-cv-01776 (RRM) (RER).

4.  Opulen obtained a judgment by default against Axcessa, entered by this Court on March 7, 2013 in the amount of $565,742.89, inclusive of fees and costs, plus post judgment interest pursuant to 28 U.S.C. § 1961 (the "Judgment against Axcessa").

5.  Meanwhile, Axcessa, controlled by each of the defendants Joel Wertzberger and Aron J. Wolcowitz, jointly and severally, caused and directed Axcessa to pay sums to other entities in which, upon information and belief, they were involved and controlled, and to pay for non-business expenses, thereby abusing the separate entity status of Axcessa and rendering it equitable for this Court to make each of the individual defendants personally liable for the debts of Axcessa.

6.  In December 2013, Opulen assigned the Judgment against Axcessa to Plaintiff.

7.  Axcessa has made no payments to Plaintiff in satisfaction of the judgment, other than a successful garnishment against Investors Bank in the amount of $18,000.00, and the Judgment against Axcessa remains unsatisfied.

## PARTIES

8. Plaintiff, at all times material hereto, was and continues to be a limited liability company formed under the laws of the State of Washington, having its principal place of business in Kirkland, Washington.

9. Plaintiff's managing members are Brady Yeager ("Yeager") and Chris Ledlie ("Ledlie").

10. Yeager is domiciled in Washington. Yeager's home address is 530 Alexander Avenue, Kirkland, Washington 98033 and his business address is 11255 Kirkland Way, Kirkland, Washington 98033. Yeager's physician is Dr. Laurel Morrison, 11800 NE 128th Street, Kirkland, Washington 98034.

11. Ledlie is domiciled in California. Ledlie's home address is 1216 20th Place, Hermosa Beach, California 90254 and his business address is 818 Manhattan Beach Boulevard, Manhattan Beach, California 90266. Ledlie's physician is Dr. Gene Hawkins, 400 S. Sepulvida Boulevard, Manhattan Beach, California 90266.

12. At all times relevant hereto, the only members and only managing members of Plaintiff are and have been Yeager and Ledlie.

13. Upon information and belief, defendant Joel Wertzberger ("Wertzberger") is a citizen and resident of the State of New York.

14. Upon information and belief, defendant Aron J. Wolcowitz, a/k/a Jack Wolcowitz ("Wolcowitz"), is a citizen and resident of the State of New York.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, in that there is complete diversity of citizenship between the parties (including the managing members of Plaintiff) and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

16.     Venue is proper herein pursuant to 28 U.S.C. Section 1391(b)(1) in that Wertzberger and Wolcowitz each reside/have a place of business in the Eastern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

17.     Plaintiff repeats and realleges each and every allegation stated in the foregoing paragraphs of this Complaint as if stated herein at length.

18.     In or about November/December 2011, Axcessa opened a business and checking account with Investors Bank, using the address 1166 59th Street, Brooklyn, New York 11219.

19.     The principals of Axcessa were identified as Joel Werzberger [sic] with a home address of 1166 59th Street, Brooklyn, New York 11219 and Aron Wolcowitz, with a home address of 28 East 5th Street, Apt. 2R, Brooklyn, New York 11230.

20.     Upon information and belief, the authorized Axcessa account signatories for Axcessa's Investors Bank accounts were Joel Werzberger [sic] and Aron J. Wolcowitz.

21.     Upon information and belief, upon applying for a tax identification number for Axcessa, Wertzberger advised the Internal Revenue Service he was the sole member of Axcessa.

22. Each of Wertzberger and Wolcowitz dominated and controlled Axcessa.

23. Upon information and belief, each of Wertzberger and Wolcowitz used Axcessa for personal and non-business purposes.

24. Upon information and belief, each of Wertzberger and Wolcowitz caused Axcessa's bank account at Investors Bank to pay personal and non-business expenses, including but not limited to the following on or about the dates set forth:

a) Olympic Fence – 11/30/11 - $800

b) Congregation Nitei Gavriel – 12/15/11 - $1,800

c) Talmu Inc.   - 12/19/11 - $50,000 Olympic Fence – 12/19/11 - $780

d) National Prestige Homes – 1/12/12 - $2,169.42

e) Yeshiva Bes Hilel Krasna – 1/3/12 - $180

f) File Right – 1/19/12 - $400

g) Quality Exterminating – 2/14/12 - $653.26

h) Mega 53 – 3/23/12 - $2,500

i) Congregation Ichud Chasidim – 3/27/12 - $900

j) Talmu Inc. – 5/22/12 - $25,000

k) Mega 53 – 6/5/12 - $1,800

l) Guaranteed Subpoena Service – undated; negotiated 6/14/12 - $294.90

m) Chaeirim – 8/2/12 - $500

n) Mega 53 – 8/22/12 - $2,042

o) J&L Landscaping – 9/3/12 - $32.66

    p) Able Sewer – 9/13/12 - $136.10

    q) Quality Exterminating – 9/13/12 - $81.66

    r) Shomrei Haddas Chappels – 9/19/12 - $4,894

    s) Cong. Minchas Chinuch – 4/23/12 - $360

    t) Rabbi Shteisel – 9/24/12 - $175

    u) Homebodies – 10/23/12 – 1,500

    v) Boro Rug – 11/7/12 - $924.43

    w) Joyland Group – 12/11/12 - $5000

    x) Cong. Givas Pinchas - 12/20/12 - $500

    y) Hamilton East Man Capital LLC – 3/1/13 - $6,000

    z) Steve Hymes

25. Upon information and belief, each of Wolcowitz and Wertzberger caused Axcessa's bank account at Investors Bank to pay personal and non-business expenses via debit transactions, including but not limited to the following:

    a) NYC Parking Fine – 2/8/12 - $395

    b) Shoprite – 2/13/12 - $75

    c) Liberty Science – 2/21/12 - $70.25

    d) APL*Apple Itunes – 3/3/12 - $40.00

    e) Lowes – 4/2/12 - $481.60

    f) Macys.com – 4/9/12 - $315.65

    g) NYC Parking Fine – 5/8/12 - $278.00

h) NYC Parking Fine – 5/30/12 - $469.00

i) Stone and Bath G Brooklyn – 6/27/12 - $950.00

j) Stone and Bath G Brooklyn – 6/27/12 - $1,000.00

k) APL*Apple Itunes – 6/29/12 - $3.26

l) NYC Parking Fine – 7/31/12 - $990.00

m) Century Twenty O Brooklyn – 8/7/12 - $25.88

n) Century Twenty O Brooklyn – 8/7/12 - $21.74

o) Liquor City USA – 9/3/12 - $16.31

p) Cigar Aficion – 9/3/12 - $18.16

q) Park East Synagogue – 9/4/12 - $150.00

r) NYSDMV-TRFC-VILN – 9/24/12 - $130.00

s) NYC Parking Fine – 10/19/12 - $124.00

t) NYC Parking Fine – 11/8/12 - $117.00

u) Lowes – 11/27/12 - $115.30

v) TIV*TIVO Service – 12/5/12 - $14.10

w) Congregation Keh – 1/2/13 - $50.00

x) TIV*TIVO Service – 1/5/13 - $14.10

y) Singer Clothing – 1/8/13 - $198.00

z) NYC Parking Fine – 1/8/13 - $348.00

aa)   The Wine Cave – 1/7/13 - $1,193.31

bb)   APL*Apple Itunes – 1/17/13 - $1.08

cc)   Ezras Cholim Yad Brooklyn – 2/5/13 - $500.00

  dd) TIV*TIVO Service – 2/5/13 - $14.10

  ee) TIV*TIVO Service – 3/5/13 - $14.10

  ff) The Wine Cave – 3/13/13 - $1,000.00

  gg) The Wine Cave – 3/14/13 - $1,140.87

  hh) CVS Pharmacy -3/18/13 - $19.36

  ii) TIV*TIVO Service –4/6/13 - $14.10

  jj) TIV*TIVO Service – 5/9/13 - $14.10

26. On or about November 11, 2011, Wolcowitz directed the attorney for Axcessa to wire $24,000.00 to Talmu, as well as $52,000.00 to Wolcowitz and $34,000.00 to Wertzberger.

27. The records of the New York State Department of State indicate that Joel Wertzberger is the designated person to whom service of process on Hamilton East Man LLC will be forwarded.

28. Upon information and belief, Wertzberger signed the check payable to Hamilton East Man Capital LLC in two capacities, *i.e.*, as authorized signatory for Axcessa and for Hamilton East Man Capital LLC.

29. In addition, Axcessa made payments on the policy underlying the contract while not paying Opulen. Thus, Axcessa paid "Steve Hymes" $10,000.00 by check dated January 18, 2013, for "Gary Wilder Comp." Axcessa issued another check payable to Steve Hymes in the amount of $2,000.00 on February 22, 2013.

30. Another entity payee listed above, Joyland Group, is, upon information and belief, dominated and controlled by Wertzberger.

31. The New York State Department of State records list the address to which service of

process on Joyland Group LLC ("Joyland Group") will be forwarded as 1166 59th Street, Brooklyn, New York 11219 – the same address listed on the New York State Department of State website for Axcessa, the same address used by Wertzberger and Wolcowitz for Axcessa in opening the bank accounts for Axcessa at Investors Bank, and the same address listed as Wertzberger's residence in opening the Axcessa bank accounts at Investors Bank.

32. Wertzberger used a "Joyland" email address in connection with his activities on behalf of Axcessa.

33. Wertzberger and Wolcowitz are each alter egos of Axcessa and, as such, are liable for the debts of Axcessa.

34. At all times, Wertzberger and Wolcowitz, jointly and severally, exercised complete domination and control of the operations, management and financial affairs of Axcessa.

35. Upon information and belief, Wertzberger and Wolcowitz, jointly and severally, used their power and control over Axcessa to further their personal interests [rather than corporate business], and have commingled the assets and economic activity of Axcessa with their other entities and with their personal affairs.

36. Upon information and belief, in conducting the activities and affairs of Axcessa, Wertzberger and Wolcowitz, jointly and severally, have disregarded required corporate formalities and other paraphernalia that are part and parcel of the corporate existence.

37. Upon information and belief, Wolcowitz and Wertzberger have not adequately capitalized Axcessa, leaving Axcessa without sufficient assets to meet its debts and obligations,

including its debts and obligations to Half Brothers, as assignee of Opulen, the Judgment creditor, on the Judgment against Axcessa.

38. Upon information and belief, Wolcowitz and Wertzberger deposited funds into Axcessa and withdrew funds out of Axcessa for personal, rather than corporate, purposes.

39. By using Axcessa's assets for their own personal purposes, Wertzberger and Wolcowitz, jointly and severally, misused the entity form to place Axcessa's assets beyond the reach of Axcessa' creditors. Through misuse of Axcessa's entity form, Wertzberger and Wolcowitz, jointly and severally, have wronged and damaged Plaintiff by hiding assets from Plaintiff and leaving Axcessa with insufficient funds to pay Plaintiff amounts owed by Axcessa.

40. Wertzberger and Wolcowitz misused their control and domination over Axcessa to commit wrongs and dishonest and unjust acts in contravention of Opulen's and now Plaintiff's legal rights, proximately causing Plaintiff injury.

41. Accordingly, Wertzberger and Wolcowitz are each jointly and severally liable for the debts of Axcessa to Plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION

42. Plaintiff repeats and realleges each and every allegation stated in the foregoing paragraphs of this Complaint as if stated herein at length.

43. The elements for a cause of action for an intentional fraudulent conveyance are: (a) the conveyance was made without fair consideration; (b) at the time of the transfer, the individual(s) or entity making the transfer was a defendant in an action for money damages or a judgment in such an

action had been docketed against him / the entity; and (c) a final judgment has been rendered against the individual(s) or entity making the transfer. All of these elements are present here.

44. Upon information and belief, the transfers from the Investors Bank bank account held by Axcessa referred to in paragraphs 22 through 25 and 28 above [and any other conveyances made by Wertzberger and Wolcowitz through any other bank accounts held by Axcessa occurring after the date the Judgment against Axcessa was entered] were made with actual intent to hinder, delay, or defraud creditors, including Plaintiff.

45. Upon information and belief, fair consideration was not given in exchange for the transfers made by Wertzberger and Wolcowitz from the Investors Bank bank account held by Axcessa referred to in paragraphs 22 through 25 and 28 above [and any other conveyances made by Wertzberger and Wolcowitz through any other bank accounts held by Axcessa occurring after the date the Judgment against Axcessa was entered].

46. Upon information and belief, any and all transfers made by Wertzberger and Wolcowitz were made with the purpose of rendering it insolvent.

47. On March 7, 2013, in the underlying action, Opulen obtained a Judgment against Axcessa, [which subsequently was assigned to Plaintiff] in the amount of $565,742.89, plus post judgment interest pursuant to 28 U.S.C. § 1961.

48. Axcessa has made no payments to Plaintiff in satisfaction of the judgment, other than a successful garnishment against Investors Bank in the amount of $18,000.00, and the Judgment against Axcessa remains unsatisfied.

49. Some of the transfers cited above in paragraph 22 through 25 and 28 were made after March 7, 2013, the date on which the Judgment against Axcessa was obtained and, upon information and belief, there have been additional fraudulent transfers made by Wertzberger and Wolcowitz during the pendency of the underlying action, and after the date of the Judgment against Axcessa.

50. Plaintiff is entitled to set aside any and all direct or indirect transfers made by Wertzberger and/or Wolcowitz, and from the bank accounts held by Axcessa, as fraudulent against Plaintiff.

51. Pursuant to New York Debtor and Creditor Law § 276-a, Plaintiff is entitled to its reasonable attorneys' fees as the transfer(s) of the assets were made by Defendants with actual intent to hinder, delay, or defraud present or future creditors, including Plaintiff.

WHEREFORE, Plaintiff, HALF BROTHERS LLC, demands trial by jury and judgment against Defendants, JOEL WERTZBERGER and ARON J. WOLCOWITZ, as follows:

(a) on the First Cause of Action, money damages in the amount of not less than the Judgment against Axcessa, together with all post-judgment interest;

(b) on the Second Cause of Action, for an Order declaring that the transfers from the Investors Bank bank account held by Axcessa referred to in paragraphs 22 through 25 and 28 above [and any other conveyances of Axcessa through any other bank accounts held by Axcessa occurring after the date the Judgment against Axcessa was entered] were fraudulent and void; and awarding damages in the amount of not less than the Judgment against Axcessa, together with all post-judgment interest, plus its attorneys' fees pursuant to Section 276-a of the Debtor and Creditor Law;

(c) interest, reasonable attorney's fees as permitted by law, costs, and

disbursements, and

        (d)    for such other and further relief as this Court deems just and proper.

DATED:   Melville, New York
                August 11, 2014

                                        **LAW OFFICES OF STPEHEN R. STERN, P.C.**

By:   _____
          Stephen R. Stern (SS 5665)
          Sloan J. Zarkin (SZ 1570)
445 Broad Hollow Road, Suite 124
Melville, New York 11747
Telephone: (631) 393-2600
Telecopier: (631) 414-7774
e-mail:  srstern@sterlaw.com
            szarkin@sterlaw.com

-  and -

MICHAEL SCHIFFRIN, ESQ.
New York Bar No. 1594563
Florida Bar No. 178240
THE SCHIFFRIN LAW FIRM, PLLC
Lead Attorneys for Plaintiff
Suite 208 - Dadeland Office Park
9200 South Dadeland Boulevard
Miami, Florida 33131
Telephone: (305) 539-0000
Telecopier: (305) 539-0013
e-mail:  schifflaw@aol.com


Attorneys for Plaintiff
Half Brothers LLC

13